Heighe
vs
Farmers Bank

HEIGHE *et al. vs.* THE FARMERS BANK OF MARYLAND, for the use of FRAZIER.

Where a bill is filed to vacate a fraudulent deed, and the fraud consists in the grantor's making the conveyance to protect the property from a debt due by him, on a promissory note given by him, & endorsed to the complainant, and the debt is subsequently paid to the complainant by the endorser, the bill cannot be carried on for the use of such endorsor, but will be dismissed without prejudice. The endorser may, perhaps, by a bill in his own name, afterwards, set aside the deed, and recover the amount paid by him to the first complainant

APPEAL from the court of chancery.

The cause was argued at this term before BUCHANAN, EARLE, JOHNSON and DORSEY, J. by

*Winder*, for the appellants, and by

*Boyle*, for the appellees.

The case is sufficiently stated in the court's opinion.

EARLE, J. delivered the opinion of the court.

The *President, Directors and Company, of the Farmers Bank of Maryland*, filed the bill in this case, to cancel a deed from *John M. Heighe* to *James Heighe*, which deed, the answers of the defendants acknowledge to have been fraudulently made, to defeat the claim stated to be due from *John M. Heighe* to the bank. The claim was due on notes, on which suits had been prosecuted to judgments against *John M. Heighe*, endorsed by *Solomon Frazier* to the bank, and at the time of filing the bill, (1st June 1814,) was in part paid by him, although by far the greater part of the debt was then still due to the bank. From receipts filed in the cause by the complainant's solicitor, it appears that this balance was paid in 1815, and the bank's claim on the judgments entirely satisfied. The money was paid by *Josiah Bayly*, Esquire, without stating in the receipts from whom he received it, and it is doubtful whether he collected it from *Solomon Frazier* or not; assuming it, however, as proved, that all the money was paid by the endorsor, *Solomon Frazier*, the court cannot be of opinion it will avail him on this occasion. The full payment to the bank put an end to this suit, and it could not be further prosecuted for his use; although if he paid the money in truth, this circumstance may possibly put him in the place of the bank, and enable him, at a future time, to set aside the fraudulent deed, and recover his money. The court decide, that the decree of the court of chancery be reversed, and the bill dismissed without prejudice.

DECREE REVERSED, &c.